GRIST *v.* THE UPJOHN COMPANY.

1. APPEAL AND ERROR—REMAND—DECISION BASED ON CASE LATER OVERRULED.

Order granting motion to dismiss action of slander against corporation, based on rule of law theretofore announced in a decision of the Supreme Court overruled following order appealed from, requires that opportunity be afforded trial court for reconsideration of his action in light of the later decision.

2. SAME—JURISDICTION—ENTRY OF ORDER.

Plaintiff's appeal from an order dated July 15, 1959, is regarded as timely, notwithstanding that on August 7, 1959, there was filed a supposedly time-arresting motion for rehearing and an alternative motion for leave to amend as to defendant in whose favor such order had been granted, where there is no dependable proof that an order of dismissal was actually

· · REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 1210.
[2] 3 Am Jur, Appeal and Error § 417.

signed on or within 3 days from the date of decision, the pertinent court rule requiring that jurisdiction in appeals as of right be limited to those in which appeals were "taken not later than 20 days after  *  *  *  the entry of any order denying a motion for a new trial or rehearing provided such motion is made within 20 days after the entry of the judgment, decree or order appealed from" (Court Rule No 57, § 1 [1945]).

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted January 4, 1961. (Docket No. 27, Calendar No. 48,619.) Decided February 28, 1961. Rehearing denied April 26, 1961.

Case by Arletta T. Grist against The Upjohn Company, a Michigan corporation, Margery White, Duane Schwenn, Richard Juday, and Margaret McGoff for slander. Dismissed as to The Upjohn Company. Plaintiff appeals. Remanded for reconsideration.

*Thomas S. Stearns, Roscoe G. Goembel, Leo W. Hoffman,* and *Frederick D. McDonald,* for plaintiff.

*Robert H. Hosick, Robert C. Carson, Murray D. Welch, Jr., Gerard Thomas,* and *E. Raymond Stanhope (Ford, Kriekard & Brown,* of counsel), for defendant The Upjohn Company.

PER CURIAM. Employing a 5-count declaration, plaintiff in the first 4 counts separately sued defendants White, Schwenn, Juday, and McGoff for slander. The fifth count alleges that all 5 defendants (The Upjohn Company being the fifth) conspired together to employ the claimed slanderous statements of the named individual defendants for the purpose of "destroying plaintiff's good name."

Defendant Upjohn, being a corporation, moved to strike and for dismissal in its favor, assigning no allegation in the declaration that the alleged slander-

ous statements had been authorized or ratified by it. The court granted defendant Upjohn's motion, relying on the rule of *Robertson* v. *New York Life Insurance Co.,* 312 Mich 92, 97, 98.

The order granting defendant Upjohn's motion bears date of July 15, 1959. Under date of August 7, 1959, plaintiff filed a "motion for rehearing" and an alternative motion for "leave to amend as to defendant The Upjohn Company." January 6, 1960, the court denied such last mentioned motion, reiterating its stand upon the *Robertson Case* and ruling further that the proposed amendment, offered after "the statute of limitations has now run," introduced a new and statute-barred cause. From the order granting defendant Upjohn's motion to dismiss, and from such order denying her said motion, plaintiff appeals.

The motion to dismiss was granted on authority of applicable law as same stood when that motion and the subsequent motion were decided against plaintiff's pleaded right of action. However, after plaintiff's appendix and both briefs on appeal were filed here, the rule of *Robertson*—on which Judge Fox properly relied—was overruled by *Poledna* v. *Bendix Aviation Corp.,* 360 Mich 129, 140. In these circumsances fairness suggests remand, rather than reversal, in order that the trial judge may reconsider in *Poledna's* light defendant Upjohn's motion to dismiss.

One other question requires consideration. It is that plaintiff's appeal was jurisdictionally late in that the order of dismissal was entered July 15, 1959, and, plaintiff's subsequent and supposedly time-arresting motion was not filed until August 7, 1959. We might well agree with defendant Upjohn in such regard were it not for uncertainty, stimulated by the circuit court journal, as to the actual date of signature by Judge Fox of the order of dismissal as writ-

ten therein. The entry does not carry the usual "Read, approved and signed this .... day of .... 19 ...." style of signature of the journal. We cannot presume, no separate order of dismissal having been signed and filed at any time, that the journal entry was written up and signed by the judge on the very day of decision, and so must hold as against present objection that the time allowed by amended Court Rule No 57 (1945)* does not commence to run until the order, judgment, or decree to be appealed, whether it be prepared for filing or written into the journal, is actually signed by the judge.

There being no dependable proof that an order of dismissal was actually signed on or within 3 days from the date of decision, plaintiff's appeal must be regarded as timely.

Remanded as indicated above. Costs will abide final determination of plaintiff's case as pleaded against defendant Upjohn.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

* See 347 Mich xv.—REPORTER.