GRIST *v.* THE UPJOHN COMPANY.

1. Libel and Slander—Corporation's Agent.

A corporation may be held liable for slander uttered by an agent while in the discharge of his duty as agent and in relation to the matter about which his duty as agent permits or requires him to act, in the same way and to the same extent as an individual could be held liable for the same slander.

2. Same—Pleading—Damages—Proximate Cause.

Dismissal of declaration in action for slander against defendant corporation *held*, reversible error, where it alleged that individual defendants functioned in a supervisory capacity over plaintiff and were responsible for assessing the work and performance of plaintiff while in corporation's employ and that, for the purpose of destroying her good name and reputation, preventing her from obtaining employment, and damaging her in her attempts to obtain employment, they made false assessments of her work performance, causing her discharge from defendant corporation and preventing her from obtaining employment elsewhere, since there has been allegation of direct causal connection by defendant corporation's agents in discharge of their duties as such agents with damage to plaintiff.

3. Same—Pleading—Amendment—Discretion of Court.

Amendment of declaration in action for slander whereby it was alleged defendant corporation had expressly authorized or ratified the slanderous statements of its employees, such express authorization or ratification not having been alleged in the original declaration, represented a change in plaintiff's theory and amounted to introducing a new cause of action, hence, there was no abuse of discretion by the trial court in denying such amendment.

References for Points in Headnotes

[1] 13 Am Jur, Corporation §§ 1127, 1128.
[2] 33 Am Jur, Libel and Slander §§ 204, 232 *et seq.*
[3–5] 33 Am Jur, Libel and Slander §§ 235, 244.

4. PLEADING—AMENDMENT—JURISDICTION.

   A trial court loses jurisdiction to rule on a motion to amend a
   declaration upon an appeal being taken from order granting a
   motion to dismiss the declaration as to one of the defendants.

5. SAME—AMENDMENT ON REMAND.

   Plaintiff is accorded the right to amend declaration as of right
   on remand in action of slander subject to objection of corpo-
   rate defendant as to its contents, where right of trial court
   to rule on motion to amend had been lost when appeal had
   been taken from order granting motion to dismiss declaration
   as to such corporation and such order is declared erroneous.

Appeal from Kalamazoo; Fox (Raymond W.), J.
Submitted October 4, 1962. (Docket Nos. 27, 28,
Calendar Nos. 49,466, 49,645.) Decided December
31, 1962.

Case by Arletta T. Grist, originally against The
Upjohn Company, a Michigan corporation, and cer-
tain of its employees, now solely against the cor-
porate defendant, for damages because of slander
and interference with right to seek employment.
Motion to dismiss granted. Plaintiff appeals. Mo-
tion to amend declaration denied. Plaintiff appeals.
Reversed and remanded with right to file amended
declaration.

*Thomas S. Stearns, Leo W. Hoffman,* and *Freder-
ick D. McDonald,* for plaintiff.

*Robert H. Hosick, Robert C. Carson, Murray D.
Welch, Jr., Gerard Thomas,* and *E. Raymond Stan-
hope (Ford, Kriekard & Brown,* of counsel), for
defendant.

ADAMS, J. On February 17, 1958, plaintiff sued
for slander in separate counts defendants White,
Schwenn, Juday, and McGoff. A fifth count alleged
that these defendants and The Upjohn Company con-

spired to employ the claimed slanderous statements for the purpose of "destroying the plaintiff's good name," bringing about her discharge from Upjohn Company and preventing her from receiving employment elsewhere.

 Defendant Upjohn moved to dismiss because there was no allegation in the declaration that the alleged slanderous statements had been authorized or ratified by it. The court granted the motion.

Plaintiff filed a "motion for rehearing" and an alternative motion for "leave to amend as to defendant The Upjohn Company." On January 6, 1960, the court ruled that the proposed amendment, offered after the statute of limitations had run,[*] introduced a new, statute-barred cause. From the order granting defendant Upjohn's motion to dismiss and denying plaintiff's motion to amend, plaintiff appealed.

The motion to dismiss was correctly granted as the law stood at that time. However, after plaintiff's appendix and both briefs on appeal were filed with this Court, the rule of *Robertson* v. *New York Life Ins. Co.*, 312 Mich 92, 97, 98—on which the trial judge properly relied—was overruled by *Poledna* v. *Bendix Aviation Corp.*, 360 Mich 129, 139, 140. The case was remanded so that the trial judge might reconsider defendant Upjohn's motion in *Poledna's* light. *Grist* v. *The Upjohn Company*, 362 Mich 470.

On May 2, 1961, plaintiff gave notice to defendant Upjohn that it would bring on defendant's motion to dismiss for a rehearing before the trial judge on May 23, 1961. On May 19, 1961, plaintiff filed a motion "to file an amended declaration" and noticed it also for hearing on May 23, 1961.

 Plaintiff then filed an amended 2-count declaration against defendant Upjohn alone. Count 1 charged

---

 * See CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605).—REPORTER.   ·  ·   ·

that certain employees of the defendant and the defendant represented by its employees, acting within the scope of their employment, slandered plaintiff for the purpose of preventing her from receiving employment with other companies. Count 2 charged 'defendant Upjohn with wrongful interference with plaintiff's efforts to secure employment and with preventing her from securing employment.

On May 23, 1961, the action against the individual defendants was dismissed by stipulation. The trial court postponed the hearing on plaintiff's motion "to amend" until after the court's decision on the defendant's "motion to dismiss." The court then took defendant's original motion to dismiss under advisement. On August 4, 1961, opinion granting defendant's original motion was filed. The Court held that even "in the light of *Poledna*," the plaintiff failed to state a cause of action because she "failed to allege that the slanderous statements uttered by the agents were in the discharge of their duty as agents and in relation to matters about which their duties as agents permitted them or required them to act."

Order granting the motion to dismiss was filed August 14, 1961. Hearing on plaintiff's motion for leave to amend was held on August 31, 1961. On the same day, plaintiff took an appeal from the trial judge's order granting the defendant's motion to dismiss. On November 29, 1961, the trial judge ruled that because the plaintiff had appealed, the circuit court lacked jurisdiction to consider the motion to amend.

The first question to be considered is whether or not the plaintiff's original declaration states a cause of action against Upjohn. Count 5 of plaintiff's original declaration alleges:

"Defendant Margery White was employed in the personnel department of defendant Upjohn Com-

pany and it was a part of her duties as such employee to consider the work and conduct of plaintiff and other women employees, to inform her superiors thereof and to handle matters pertaining thereto and to the discharges of any woman employee, including inquiries regarding previous employees.

"Defendant Duane Schwenn was employed as supervisor of the Kalamazoo branch office of defendant Upjohn Company and it was a part of his duty as such employee to inform the personnel department and other members of defendant Upjohn Company regarding the work and conduct of plaintiff and other employees in his department.

"Defendant Richard Juday was employed as assistant supervisor of the Kalamazoo branch office of defendant Upjohn Company and it was a part of his duties as such employee to inform his superiors as to the work and conduct of plaintiff and other employees.

"Defendant Margaret McGoff was employed in the Kalamazoo branch of defendant Upjohn Company and it was a part of her duties as such employee to inform her superiors as to the work and conduct of plaintiff and other employees, or, in the alternative, she did so inform her superiors for a long period of time and such activity was well known and was accepted freely by her superiors and acted upon in relation to other employees."

Count 1 alleges that defendant White falsely stated to various persons that the plaintiff was a poor worker, was guilty of a great deal of absenteeism and that she sold or delivered eggs on company time. It is alleged that when plaintiff applied for work with other companies an inquiry was made about plaintiff to defendant White, defendant White falsely stated that plaintiff was discharged because she had an unsatisfactory attendance record and poor performance record. Counts 2, 3, and 4 allege that the other individual defendants made the same

false statements about plaintiff, resulting in her being unable to obtain employment in the Kalamazoo area.

Are these allegations sufficient to come under the rule of *Poledna?* It is as follows (pp 139, 140):

"A corporation may be held liable for slander uttered by an agent while in the discharge of his duty as agent and in relation to the matter about which his duty as agent permits or requires him to act in the same way and to the same extent as an individual could be held liable for the same slander."

The allegations of count 5 of plaintiff's declaration in effect allege that each of the individual defendants was an employee of Upjohn, was in some sort of supervisory capacity over plaintiff and was responsible for assessing the work and performance of plaintiff. It is then alleged that for the purpose of destroying plaintiff's good name and reputation, and preventing her from obtaining employment or damaging her in her attempts to obtain employment, they made false assessments of her work performances, causing her discharge, and that defendant White directly and in her capacity as an employee of Upjohn made representations to other possible employers that prevented plaintiff from securing employment. There has been alleged a direct causal connection by the agents of Upjohn acting in discharge of their duties as such agents or employees with the damage to plaintiff. It was therefore erroneous of the trial court to grant the defendant's motion to dismiss.

As to the 2 attempts which were made by plaintiff to amend, it will be recalled that the first of these was made prior to the first appeal to this Court. The decision of this Court in *Grist* v. *The Upjohn Company,* 362 Mich 470, dealt only with 2 questions —the rule of corporate liability in slander cases and

whether or not the appeal was late. The case was then sent back to the trial judge since, because of the peculiar circumstances, fairness suggested remand rather than reversal. Was his decision correct as to the first proposed amended declaration?

Plaintiff alleges therein that the slanderous statements of Upjohn's employees were *expressly* authorized or *ratified* by Upjohn. Express authorization or ratification was not alleged in the original declaration. The evidence necessary to support the original declaration and that to support the amended declaration would not be the same. "The amendment represented a change in plaintiff's theory and amounted to introducing a new cause of action." *Cook* v. *Wolverine Stockyards Co.*, 344 Mich 207, 210. The trial court did not abuse its discretion in denying plaintiff's motion to amend.

Finally, what is the present status of the second attempt to amend the declaration which was noticed for hearing on August 31, 1961, the same day the court heard the defendant's motion to dismiss? It is contended the court should have heard the motion to amend first. From the colloquy of counsel at the time both motions were before the court, it is clear that it was agreed that the motion to dismiss would be heard first and that if that motion was granted plaintiff would be allowed to argue the right to file an amended declaration, but that if the motion to dismiss was denied, an amended declaration could be filed as a matter of right. The trial court lost jurisdiction to rule on the motion to amend when the second appeal was taken to this Court. However, in view of the ruling of this Court at this time, plaintiff may now, if she chooses, amend as a matter

of right, subject, of course, to objection to the contents of the amendment by defendant.

Remanded.  Costs to plaintiff.

CARR, C. J., and KELLY, KAVANAGH, and SOURIS, JJ., concurred with ADAMS, J.

DETHMERS and BLACK, JJ., concurred in result.

OTIS M. SMITH, J., did not sit.