## GRIST v. THE UPJOHN COMPANY.

1. LIBEL AND SLANDER—LIMITATION OF ACTIONS.

An action for libel or slander must be brought within 1 year from the time the cause of action accrues and not afterwards (CLS 1956, § 609.13).

2. SAME—ACCRUAL OF CAUSE OF ACTION.

An action for libel or slander accrues from the time of publication (CLS 1956, § 609.13).

3. SAME—LIMITATION OF ACTIONS—TRIAL ON MERITS.

There can be no legal trial on the merits of an action for libel or slander after a plea of the statute of limitations is interposed until after disposition of such plea (CLS 1956, § 609.13).

4. SAME—LIMITATION OF ACTIONS—ADMISSION.

A right of action for libel or slander cannot be revived by an admission of defendant after the statute of limitations has barred the action that he did utter the defamatory matter (CLS 1956, § 609.13).

5. SAME—LIMITATION OF ACTIONS—REPETITION.

The running of the statute of limitations as to a slander cannot be prevented by repetitions of the slander, although a separate action will lie for any repetition within the statutory time (CLS 1956, § 609.13).

6. SAME—LIMITATION OF ACTIONS—SEPARATE ACTS.

Each slander is the basis for a separate action, but all such separate acts may be joined in 1 declaration provided the statute of limitations has not run (CLS 1956, § 609.13).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 33 Am Jur, Libel and Slander § 225.
"Publication" of libel for purposes of statute of limitations. 1 ALR2d 384.
[6, 7] 33 Am Jur, Libel and Slander § 234.
[8] 41 Am Jur, Pleading §§ 288, 291.
[9] 41 Am Jur, Pleading § 315.
[10] 41 Am Jur, Pleading § 261.
[11, 12] 41 Am Jur, Pleading § 267.
[13–15] 33 Am Jur, Libel and Slander § 235.
[16] 5 Am Jur 2d, Appeal and Error § 1009 et seq.

7. SAME—LIMITATION OF ACTIONS—SEPARATE ACTS.

Separate acts of slander may be joined in the same pleading provided they all occur within the period before being barred by the statute of limitations (CLS 1956, § 609.13).

8. PLEADING—AMENDMENT—LEAVE OF COURT.

An amendment to a pleading following 15 days after a responsive pleading has been served may be made only by leave of court or by written consent of the adverse party (GCR 1963, 118.1).

9. SAME—AMENDMENT.

An amendment of a pleading relates back to the date of the original pleading whenever the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading (GCR 1963, 118.4).

10. SAME—SUPPLEMENTAL PLEADING.

A supplemental pleading may be permitted in order to set forth any transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented, upon motion of the party who gives reasonable notice thereof and upon such terms as the court may impose (GCR 1963, 118.5).

11. SAME—SUPPLEMENTAL—RELATION BACK.

The court rules do not provide for the relating back of a supplemental pleading to the date of the original pleading as is permitted to amendment of a pleading (GCR 1963, 118.4, 118.5).

12. SAME—SUPPLEMENTAL PLEADING—LIMITATION OF ACTIONS.

A supplemental pleading based upon new facts must be filed before the statutory period of limitations has expired (CLS 1956, § 609.13; GCR 1963, 118.5).

13. SAME—AMENDMENT—LIBEL AND SLANDER ACTION.

Authorization by the Supreme Court to amend pleading, subject to the objections of defendant, accorded plaintiff in libel and slander action, did not accord her the right to file a supplemental pleading, hence, the pleading adopted pursuant to the authorization given must be treated as an amended declaration, subject to the objections of the defendant (GCR 1963, 118.4, 118.5).

14. SAME—AMENDMENT—OBJECTIONS.

Supreme Court's authorization to plaintiff to amend her pleading, subject to objections of defendant, did not effectuate an estoppel upon defendant from objecting to plaintiff's pleading

on the ground that it alleged subsequent matters for which leave of court had to be obtained, since the same source for authority to make the amendment also gave defendant the right to object to any matters contained in such amendment (Court Rule No 72, § 1[a] [1945]).

15. SAME—AMENDMENT—MORE DEFINITE STATEMENT—LIMITATION OF ACTIONS.

Amended declaration in libel and slander action was properly limited to acts of slander to which the pleaded statute of limitations could not be used as a bar, hence, it was not improper on the part of the court to require a more definite statement as to claimed acts of slander in order to advise defendant if the same were subject to the statute of limitations, subsequent acts being barred by such statute (CLS 1956, § 609.13; GCR 1963, 118.4, 118.5).

16. COSTS—THIRD APPEAL—ASSESSMENT.

Costs are awarded to defendant on third appeal by plaintiff, in action for libel and slander, where trial court's determination on defendant's motion for a more definite statement, to strike portions of amended declaration, and for accelerated judgment is affirmed and the cause remanded for further proceedings, but assessment of costs is to await determination on the merits.

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted Division 3 January 18, 1965, at Grand Rapids. (Docket No. 238.) Decided April 19, 1965. Leave to appeal denied by Supreme Court July 1, 1965.

Declaration by Arletta T. Grist against The Upjohn Company, a Michigan corporation, and others for alleged slander. From order granting motion to strike certain portion of declaration and to dismiss as to defendant corporation, plaintiff appeals. Affirmed.

*Thomas S. Stearns* and *Hoffman, McDonald & Hoffman* (*Leo W. Hoffman*, of counsel), for plaintiff.

*Robert H. Hosick, Robert C. Carson, Murray D. Welch, Jr., Gerard Thomas,* and *E. Raymond Stan-*

*hope (Ford, Kriekard & Brown,* of counsel), for defendant Upjohn Company.

Holbrook, J.   This is the third appeal[1] to be considered concerning the proceedings originally brought by Arletta T. Grist, plaintiff and appellant, against The Upjohn Company, a Michigan corporation, defendant and appellee, for alleged slander. The suit was commenced by summons being issued on December 5, 1957, with declaration being filed February 17, 1958.

Plaintiff, Arletta T. Grist, claimed continuous employment with the defendant, Upjohn Company, from September 15, 1938, until April 5, 1957, upon which date she was dismissed.

Plaintiff employed a five count declaration, and in the first four counts, separately sued defendant's employees for slander.   The fifth count alleged defendant employees together with defendant, Upjohn Company (The Upjohn Company being the fifth defendant) conspired together to employ the claimed slanderous statements of the defendant's employees for the purpose of "destroying plaintiff's good name".

Defendant Upjohn, being a corporation, moved to strike and for dismissal in its favor, assigning as the reason that the declaration contained no allegation that the alleged slanderous statements had been authorized or ratified by it.   The trial court granted defendant Upjohn's motion relying on the rule of *Robertson* v. *New York Life Insurance Company* (1945), 312 Mich 92.

The order granting defendant Upjohn's motion was dated July 15, 1959.   On August 7, 1959, plaintiff filed a "motion for rehearing" and an alternative motion for "leave to amend as to The Upjohn

[1] For prior appeals see 362 Mich 470 and 368 Mich 578.—Reporter.

Company". On January 6, 1960, the trial court denied such last mentioned motion, basing its decision upon the *Robertson Case,* and ruling further that the proposed amendment offered after "the statute of limitations had now run," introduced a new, statute-barred cause. From the order granting defendant Upjohn's motion to dismiss, and from such order denying plaintiff's motion, plaintiff appealed to the Supreme Court.

This appeal was considered in the case of *Grist* v. *The Upjohn Company* (1961), 362 Mich 470, and on p 472, of said opinion the Court stated:

"The motion to dismiss was granted on authority of applicable law as same stood when that motion and the subsequent motion were decided against plaintiff's pleaded right of action. However, after plaintiff's appendix and both briefs on appeal were filed here, the rule of *Robertson*—on which Judge Fox properly relied—was overruled by *Poledna* v. *Bendix Aviation Corp.,* 360 Mich 129, 140. In these circumstances fairness suggests remand, rather than reversal, in order that the trial judge may reconsider in *Poledna's* light defendant Upjohn's motion to dismiss."

Thereafter, plaintiff filed a motion to amend together with the proposed amended declaration on May 19, 1961. On May 23, 1961, the action against the individual defendants (employees of defendant) was dismissed by stipulation. The trial court postponed the hearing, on plaintiff's motion "to amend" until after the court's decision on the defendant's "motion to dismiss". The trial court then took defendant's original motion to dismiss under advisement. On August 4, 1961, opinion granting defendant's original motion was filed. The trial court held that "even in *Poledna's* light," plaintiff did not state a cause of action because she "fails to allege that the slanderous remarks were made in the dis-

charge of the duty of the employees or in relation to a matter about which their duty permitted or required them to act".

Order granting motion to dismiss was filed August 14, 1961. Hearing on plaintiff's motion for leave to amend was held on August 31, 1961. On the same day, plaintiff took an appeal from the trial judge's order granting the defendant's motion to dismiss. On November 29, 1961, the trial judge ruled that because the plaintiff had appealed, the circuit court lacked jurisdiction to consider motion to amend.

This appeal was considered in the case of *Grist* v. *The Upjohn Company* (1962), 368 Mich 578, wherein Mr. Justice ADAMS stated on pp 581–585:

"The first question to be considered is whether or not the plaintiff's original declaration states a cause of action against Upjohn. Count 5 of plaintiff's original declaration alleges:

" 'Defendant Margery White was employed in the personnel department of the defendant Upjohn Company and it was a part of her duties as such employee to consider the work and conduct of plaintiff and other women employees, to inform her superiors thereof and to handle matters pertaining thereto, and to the discharges of any woman employee, including inquiries regarding previous employees.'   *   *   *

"Count 1 alleges that defendant White falsely stated to various persons that the plaintiff was a poor worker, was guilty of a great deal of absenteeism and that she sold or delivered eggs on company time. It is alleged that when plaintiff applied for work with other companies an inquiry was made about plaintiff to defendant White, defendant White falsely stated that plaintiff was discharged because she had an unsatisfactory attendance record and poor performance record. Counts 2, 3, and 4 allege that the other individual defendants made the

same false statements about plaintiff, resulting in her being unable to obtain employment in the Kalamazoo area.

· "Are these allegations sufficient to come under the rule of *Poledna?* It is as follows (pp 139, 140):

" 'A corporation may be held liable for slander uttered by an agent while in the discharge of his duty as agent and in relation to the matter about which his duty as agent permits or requires him to act in the same way and to the same extent as an individual could be held liable for the same slander.'

"The allegations of count 5 of plaintiff's declaration in effect allege that each of the individual defendants was an employee of Upjohn, was in some sort of supervisory capacity over plaintiff and was responsible for assessing the work and performance of plaintiff. It is then alleged that for the purpose of destroying plaintiff's good name and reputation, and preventing her from obtaining employment or damaging her in her attempts to obtain employment, they made false assessments of her work performances, causing her discharge, and that defendant White directly and in her capacity as an employee of Upjohn made representations to other possible employers that prevented plaintiff from securing employment. There has been alleged a direct causal connection by the agents of Upjohn acting in discharge of their duties as such agents or employees with the damage to plaintiff. It was therefore erroneous of the trial court to grant the defendant's motion to dismiss.

"As to the 2 attempts which were made by plaintiff to amend, it will be recalled that the first of these was made prior to the first appeal to this Court. * * *

"Plaintiff alleges therein that the slanderous statements of Upjohn's employees were 'expressly' authorized or 'ratified' by Upjohn. Express authorization or ratification was not alleged in the original declaration. The evidence necessary to support the original declaration and that to support

the amended declaration would not be the same. 'The amendment represented a change in plaintiff's theory and amounted to introducing a new cause of action'. *Cook* v. *Wolverine Stockyards Co.,* 344 Mich 207, 210. The trial court did not abuse its discretion in denying plaintiff's motion to amend.

"Finally, what is the present status of the second attempt to amend the declaration which was noticed for hearing on August 31, 1961, the same day the court heard the defendant's motion to dismiss? * * * The trial court lost jurisdiction to rule on the motion to amend when the second appeal was taken to this Court. However, in view of the ruling of this Court at this time, *plaintiff may now, if she chooses, amend as a matter of right, subject, of course, to objection to the contents of the amendment by defendant.*

"Remanded. Costs to plaintiff." (Emphasis supplied.)

The proceedings were again returned to the trial court for further action. Plaintiff elected, pursuant to the order of the Supreme Court by notice filed in the trial court on February 18, 1963, "to stand upon her *amended declaration* heretofore filed herein May 19, 1961". (Emphasis supplied.)

Thereafter, defendant, The Upjohn Company, filed on March 6, 1963, a motion for more definite statement, to strike portions of amended declaration and for accelerated judgment.

The trial judge, Honorable Raymond W. Fox, circuit judge, ruled on said motion and granted the motion to strike portions of the amended declaration in part, denied the motion for accelerated judgment and granted the motion for more definite statement.

The order of the court in accordance with the opinion was filed November 7, 1963. In said order, the trial court held that plaintiff's amended pleading of May 19, 1961, was an *amended declaration*

and ordered the striking of all allegations alleging slanderous statements and acts of interference with plaintiff's employment occurring after the date of filing of the original declaration, and required plaintiff to allege specifically, instead of generally, slanderous statements and acts of interference with plaintiff's employment as to persons performing such acts, and time when such statements and acts occurred. From this order the plaintiff and appellant has appealed to this Court claiming: (1) The court erred in holding and ruling that plaintiff's pleading was an amended declaration, instead of an amended and supplemental declaration; (2) defendant waived its objection, and is estopped now from objecting to plaintiff's pleading on the ground that it alleged subsequent matters and it was necessary to obtain leave of court; (3) regardless of whether plaintiff's amendment be considered an amended declaration, a supplemental declaration, or an amended and supplemental declaration, it properly pleaded plaintiff's case; (4) plaintiff's pleading was not defective for uncertainty.

This Court deems it imperative to consider the law concerning libel and slander insofar as limitation of actions are concerned in dealing with the objections of the plaintiff to the trial court's order of November 7, 1963.

The statutory provisions concerning limitation of personal actions provide in part:

"5. Actions founded upon libel or slander shall be brought within 1 year from the time the cause of action accrues and not afterwards." CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605).[2]

The general rule concerning limitation of actions is found in 37 CJ, Libel and Slander, § 314, p 17:

[2] For current provisions, see PA 1961, No 236, § 5805 (CLS 1961, § 600.5805 [Stat Ann 1962 Rev § 27A.5805]).

"The right of action accrues from the time of publication. The time within which an action for libel or slander must be commenced is usually fixed by statute, and there can be no legal trial of such an action while a plea by defendant of the statute of limitations remains unanswered and undisposed of. The general rule is that the statute begins to run from the time when the defamation is published, even though the person defamed has no knowledge thereof until some time afterward; and this, it has been intimated, even though plaintiff's ignorance may be due to fraud on the part of defendant. * * *

"Admissions or repetitions. When a right of action for slander has been once barred by the statute of limitations, it cannot be revived by an admission of defendant that he did utter the slanderous words, *nor can the running of the statute be prevented by repetitions of the slander,* although of course a separate action will lie for any repetition within the statutory time." (Emphasis supplied.)

Plaintiff in her amended declaration of May 19, 1961, alleged numerous acts of slander by the defendant; some specifically, many generally, and others of a continuing nature. Defendant does not object to any of the separate acts of alleged slander but does object to any allegations concerning slander occurring subsequent to the date of the filing of the first declaration, February 17, 1958.

Michigan follows the general rule as recited in 37 CJ, *supra,* that each act of slander is the basis for a separate action, but that all such separate acts of slander may be joined in one declaration provided the statute of limitations has not run. See *Randall* v. *Wayne Circuit Judge* (1893), 96 Mich 284.

The rule concerning publication of libel for purposes of statute of limitations is further set forth in 1 ALR2d 384, 392, 399:

"§ 4 * * * *Age-Herald Pub. Co.* v. *Waterman* (1914), 188 Ala 272 (66 So 16, Ann Cas 1916E, 900),

where the libel sued on was set up in one count of the complaint as having appeared in defendant's newspaper and, more than a year after the date of such publication, other counts were added which alleged publication of the same libel in newspapers in other cities at the inducement of the defendant. Although the additional counts had been eliminated at the trial on plaintiff's request, the court took occasion to observe that such counts, setting up republications in other papers, stated different causes of action from that alleged in the original complaint, and pointed out that since they were filed more than one year after the original publication, the rule that an amendment of a complaint which sets up a new cause of action rather than restates the original cause of action in different language is not allowable after expiration of limitations on the original cause of action applied. * * *

"§ 9—'Black list' reports. As to statement with reference to discharge from private employment as actionable per se, see annotation in 66 ALR 1499.

*"With respect to so-called 'black list' reports wherein an employer states his reasons for discharging a former employee, the view has been taken that if such a writing is exhibited to a third person at some time within the applicable limitation period prior to a commencement of a libel suit based on alleged defamatory matter appearing in the writing, there is a new and independent publication against which limitations then commence to run and the action may consequently be maintained, even though it appears that the statement was originally exhibited to some third person at a time which antedates the statutory period."* (Emphasis supplied.)

It appears without question that each act of slander constitutes a separate cause of action and the statute of limitations commences to run from the date of each such utterance. Separate acts of slander may be joined in the same pleading provided they all occur within the statutory period.

The plaintiff and appellant has urged that in four particulars the trial judge erred in his opinion concerning the amended declaration filed May 19, 1961. Plaintiff claims that the court should have considered such pleading as an amended *and* supplemental declaration. Plaintiff advances in effect that the same should be classified as neither fish nor fowl, but both. There may be instances in the law that justify such a conclusion, but is this one of them?

Amended and supplemental pleadings are governed by GCR 1963, 118.1, 118.4, 118.5:

".1 Amendments. A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires. All amendments shall be filed in writing, dated, and numbered consecutively. Unless otherwise indicated therein, an amended pleading shall supersede the former pleading. * * *

".4 Relation Back of Amendments. Except for the purpose of demanding a trial by jury under sub-rule 508.2, *the amendment relates back to the date of the original pleading whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.*

".5 Supplemental Pleadings. *Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading to set forth any transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented,*

whether or not the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor." (Emphasis supplied.)

The right of the plaintiff to file an amended declaration would be predicated upon the court rule, *supra*, and by reason of the ruling in the case of *Grist* v. *The Upjohn Company* (1962), 368 Mich 578, wherein the Court said on pp 584, 585:

"*However, in view of the ruling of this Court at this time, plaintiff may now, if she chooses, amend as a matter of right, subject, of course, to objection to the contents of the amendment by defendant.*" (Emphasis supplied.)

The Supreme Court, as above stated, permitted plaintiff to *amend* her declaration. This she elected to do by adopting the amended declaration filed May 19, 1961.

GCR 1963, 118.4, permits the amendment to relate back to the date of the original pleading. However, there is no provision for relating back as to supplemental pleadings, GCR 1963, 118.5. In 1 Michigan Court Rules Annotated, by Honigman and Hawkins (2d ed), p 409, we find committee notes:

"(6) Supplemental Pleadings. Any transactions or occurrences arising after the original pleading may be set forth by supplemental pleading under this subsection. To preclude any hard and fast distinction between amended and supplemental pleadings, this subsection includes the proposed amendment to the federal rule which authorizes supplemental pleading whether or not the original pleading is defective. Thus a supplemental pleading which does present a valid statement of claim will allow the action to proceed, even if the original pleading remains defective for lack of amendment.

"*Because there is no provision for relation back, a supplemental pleading based upon new facts must be filed before the statutory period of limitations has expired.*" (Emphasis supplied.)

The dismissal of the plaintiff by defendant took place April 5, 1957; the original declaration for slander brought by plaintiff against defendant was filed February 17, 1958, and the amended pleading was filed May 19, 1961, alleging, among other things, the original claimed slanderous acts, and in addition slanderous acts occurring subsequent to the filing of the original declaration. Inasmuch as each slanderous act is a basis for an action and the statute of limitations runs from the date of each such act, we have a condition wherein the pleading of May 19, 1961, cannot be a supplemental pleading, without eliminating all claimed acts of slander occurring more than one year prior to the last mentioned date.

In any event, the provisions in the GCR, *supra,* for filing of supplemental pleadings requires an order of the court allowing the same. Under Court Rule No 72, § 1 (a) (1945), in effect at the time of the last appeal to the Supreme Court, provided that the Supreme Court may exercise any or all of the procedures of amendment of the trial court. This the Court did not do, but only allowed plaintiff to amend if she so desired, subject to objections of defendant. Inasmuch as the plaintiff did not obtain leave of the trial court to file a supplemental pleading, the pleading of May 19, 1961, in all events must be treated as an amended declaration.

The second error claimed by plaintiff is "defendant waived its objection and is estopped now from objecting to plaintiff's pleading on the ground that it alleged subsequent matters and it was necessary to obtain leave of court". This Court cannot agree with plaintiff. There is no estoppel applicable for the rea-

son that plaintiff's election to stand on the May 19, 1961, pleading, was predicated upon the authority of the Supreme Court which also gave to defendant the right to object to any matters contained in such amendment.

The third error claimed by plaintiff is "regardless of whether plaintiff's amendment be considered an amended declaration, a supplemental declaration, or an amended and supplemental declaration, it properly pleaded plaintiff's case". The Court can agree with this statement subject to the qualifications that subsequent alleged acts of slander claimed against the defendant after the filing of the original declaration, February 17, 1958, are improper by reason of the statute of limitations. The subsequent acts of slander cannot be charged as a cause for damages. Further, the requirement of a more definite statement as to such claimed acts of slander was necessary so that defendant might be advised if same could be subject to objections, particularly, the statute of limitations.

The fourth and last alleged error claimed by plaintiff is "plaintiff's pleading was not defective for uncertainty". The Court has dealt with this claim of the plaintiff in this opinion. It would appear that the main reason for this requirement was to eliminate the claimed slanderous acts which were not a proper basis for relief.

The history of this case indicates that on occasion courts of justice may move slowly but also surely, best illustrated by the quotation: "Though the mills of God grind slowly, yet they grind exceeding small; Though with patience He stands waiting, with exactness grinds He all".[3]

The first appeal provided plaintiff with a right of action not then available to her under her plead-

---

[3] Friedrich von Logau, 1604–1655, Retribution (Translation by Henry W. Longfellow [Cambridge ed], p 616).

ings because of the ruling in the *Robertson Case*.
The second appeal clarified the proper application
of the *Poledna Case*.  This third appeal, will permit,
we hope, the plaintiff and the defendant both to have
a trial upon the merits without further delay.

The trial court properly disposed of all the matters
brought by defendant's motion "for more definite
statement, to strike portions of amended declaration
and for accelerated judgment".  Affirmed and re-
manded for further proceedings.  Costs to defend-
ant, assessment of same to await determination on
the merits.

FITZGERALD, P. J., and BURNS, J., concurred.