*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ENCOMPASS HEALTH CARE PLLC and
BRUCE RUBEN, M.D.,

UNPUBLISHED
April 23, 2019

Plaintiffs-Appellees,

v

No. 340664
Oakland Circuit Court
LC No. 2016-151219-CZ

FARM BUREAU INSURANCE,

Defendant-Appellant.

Before: MURRAY, C.J., and SAWYER and REDFORD, JJ.

PER CURIAM.

Defendant appeals by leave granted from an order of the circuit court denying its motion for summary disposition. We reverse and remand to the trial court for entry of an order granting summary disposition.

The claims in this case arise out of a 2010 automobile accident in which defendant's insured, Gregory Oust, was injured. Plaintiffs provided medical care to Oust for those injuries. Specifically at issue in this case are charges for services rendered between September 17, 2014, and September 16, 2015, for which defendant has refused to make payment. Plaintiff commenced this action on January 27, 2016, seeking payment of personal protection insurance (PIP) benefits.

While this matter was pending in the trial court, the Michigan Supreme Court rendered its decision in *Covenant Med Ctr, Inc v State Farm Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), which held that a healthcare provider does not have a statutory cause of action under the no-fault act, MCL 500.3101 *et seq.* against an insurer for PIP benefits. Defendant moved for summary disposition based upon the *Covenant* decision. In response, plaintiffs produced assignments signed by Oust dated March 2, 2017, and moved to amend its complaint to reflect the assignments. The trial court denied defendant's motion for summary disposition, allowed the amendment and concluded that the amendment would relate back to the filing of the complaint.

We granted defendant's application for leave to appeal. And we now reverse.

-1-

Defendant presents three arguments on appeal: (1) that *Covenant* bars plaintiff's claim and that ruling should be applied retroactively, (2) that even if *Covenant* does not apply retroactively, the assignments to plaintiffs by Oust of his claims should not relate back to the date of the filing of the complaint and, therefore, the one-year-back rule, MCL 500.3145(1), would bar any recovery because all of the claims are for services rendered more than one year before the assignments were given, and (3) that the assignments were invalid because the insurance policy contains an anti-assignment clause.[1] Plaintiffs dispute all three of these arguments and assert that they prevail if we conclude either *Covenant* does not apply retroactively or that the assignments do relate back to the filing of the complaint.

This case is controlled by our decision in *Shah v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018). With respect to the retroactivity issue, *Shah* acknowledged that two prior published opinions of this Court had held that *Covenant* applies retroactively. *Id.* at 195-196, citing *W. A. Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 196; 909 NW2d 38 (2017), and *VHS Huron Valley-Sinai Hosp v Sentinel Ins Co (On Remand),* 322 Mich App 707, 713-714; 916 NW2d 218 (2018). The *Shah* Court apparently found no reason to disagree with those decisions, nor do we. Accordingly, we follow *Foote* and its progeny and conclude that *Covenant* does apply retroactively.

Nonetheless, defendant would still prevail if we agree with plaintiffs and the trial court that amending the complaint to reflect the assignments would relate back to the filing of the complaint. This issue is also controlled by *Shah*. Like in this case, the plaintiffs in *Shah* obtained assignments from the insured after the litigation had commenced and sought to amend its complaint accordingly. The *Shah* opinion, 324 Mich App at 204-205, rejected the argument that the amendment (and thus the assignments) would relate back to the filing of the complaint, which would provide the relevant date from which to calculate the one-year-back rule:

> In this case, after the *Covenant* decision was issued, plaintiffs sought to amend their complaint to account for the assignments obtained from Hensley to allow plaintiffs to pursue an action against defendant insurer. ''An assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses.'' *Burkhardt* [*v Bailey*, 260 Mich App 636, 652-653; 680 NW2d 453 (2004)]. For that reason, plaintiffs could not obtain any greater rights from Hensley on the date of the assignments—July 11, 2017—than Hensley himself possessed on that date. Had Hensley filed an action directly against defendant on July 11, 2017, he would not have been permitted to recover benefits for any portion of the loss incurred one year before that date. MCL 500.3145(1). Accordingly, plaintiffs also could not obtain any right to recover benefits for losses incurred more than one year before July 11, 2017, through an assignment of rights from Hensley. *Burkhardt*, 260 Mich App at 652-653. Furthermore, the procurement of the assignments was an event that occurred after the filing of the original complaint and provided the only means by which plaintiffs could have

---

[1] The trial court had rejected this argument as well.

standing to maintain a direct action against defendant insurer for recovery of no-fault benefits in this case. *Covenant*, 500 Mich at 195-196, 217 n 40. Therefore, plaintiffs' motion for leave to amend actually sought leave to file a supplemental pleading. MCR 2.118(E). Courts ''are not bound by a party's choice of labels because this would effectively elevate form over substance.'' *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 715; 742 NW2d 399 (2007).

Because plaintiffs actually sought to file a supplemental pleading, it could not relate back to the date of the original pleading. MCR 2.118(D) and (E); *Grist*, [*v Upjohn* Co, 1 Mich App 72, 84; 134 NW2d 358 (1965)]. Through the assignment, plaintiffs only obtained the rights Hensley actually held at the time of the execution of the assignment, *Burkhardt*, 260 Mich App at 652-653, and plaintiffs cannot rely on the relation-back doctrine to essentially gain the potential for a greater right to recovery than they actually received. As our Supreme Court explained in *Jones v Chambers*, 353 Mich 674, 681-682; 91 NW2d 889 (1958):

"The assignment created nothing. It simply passed to plaintiffs' insurer rights already in existence, if any. If plaintiffs' insured had no rights, then plaintiffs' insurer acquired none by virtue of the assignment. To rule otherwise would be to give such an assignment some strange alchemistic power to transform a dross and worthless cause of action into the pure gold from which a judgment might be wrought." [Quotation marks omitted.]

Therefore, through the assignments in this case, plaintiffs did not obtain the right to pursue no-fault benefits for any portion of the loss incurred more than one year before July 11, 2017, because that is the pertinent point of reference for purposes of the one-year-back rule. A supplemental pleading predicated on the July 11, 2017 assignments could not relate back to the date of the original pleading. [Footnote omitted.]

We see no reason to disagree with the reasoning in *Shah* on this point. Accordingly, we conclude that, even if *Covenant* does not apply retroactively, the one-year-back rule precludes any recovery by plaintiffs in this case because the claimed charges were incurred more than one year before the insured signed the assignments.

Finally, with respect to defendant's argument that, regardless of the first two issues, it was entitled to summary disposition because the insurance policy at issue includes an anti-assignment clause, we need not reach this issue. Defendant concedes that we are bound by the decision in *Shah* to reject this argument and that it is merely raising it to preserve the issue for further appellate review if necessary.

For the above reasons, we conclude that the trial court erred in allowing plaintiffs to amend their complaint to reflect the assignments as such an amendment would be futile under the one-year-back rule. Rather, the trial court should have granted defendant's motion for summary disposition.

Reversed and remanded to the trial court for entry of an order granting summary disposition to defendant. We do not retain jurisdiction. Defendant may tax costs.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ James Robert Redford