*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EQUITY FUNDING, INC.,

           Plaintiff-Appellant,

v

VILLAGE OF MILFORD,

           Defendant-Appellee.

FOR PUBLICATION
July 21, 2022
9:05 a.m.

No. 357062
Oakland Circuit Court
LC No. 2020-182478-CB

Before: BORRELLO, P.J., and SHAPIRO and HOOD, JJ.

HOOD, J.

Plaintiff-appellant Equity Funding (Equity) appeals from an order dismissing its quiet title suit against lienholder defendant Village of Milford (Milford). Equity also sought a declaratory judgment as to its ownership and damages for slander of title. While the case was proceeding, the amount of the lien was paid in full, Milford released the lien and then moved to dismiss plaintiff's claims as moot since the property was no longer encumbered. The circuit court granted the motion and plaintiff appeals.

We affirm the dismissal of the quiet title and declaratory judgment claims on mootness grounds. And although we conclude that the claim for slander of title was not rendered moot, we nevertheless affirm its dismissal, though on different grounds than the circuit court; we conclude that Equity failed to raise its slander of title claim within the applicable period of limitations.

## I. BACKGROUND

In 2004, non-party Milford Housing borrowed money from Equity. The loan was secured by certain real property on Peters Rd owned by Milford Housing including the Woodland Apartments building. The building was in poor condition and in 2009 Milford ordered its demolition. In 2010 Milford Housing defaulted on the loan. Equity initiated foreclosure proceedings and in December of that year it obtained a sheriff's deed to the property. Before the redemption period expired, however, Milford Housing filed for bankruptcy which stayed the demolition. Later, the parties agreed to partially lift the bankruptcy stay in order to allow Milford to demolish which ultimately took place in 2012. Bankruptcy was discharged in January 2018. Thereafter, Milford Housing failed to redeem the property and Equity acquired ownership of the

Peters Road property on July 24, 2018. In September 2018, Milford recorded the notice of demolition lien. In 2020, when Equity sought to sell the property it learned of the lien and filed this suit.

In its complaint, Equity alleged that it was the owner of the Peters Road property and that Milford's lien was illegitimate because (1) it was untimely filed, (2) the charges were not incurred against Equity, and (3) that the lien was filed against Milford Housing, not Equity. Equity sought an order quieting title; declaring that Equity is the owner of the property, Milford has no interest in the property, and the lien is void in violation of Michigan law; and enjoining Milford from prosecuting any action related to the lien. It also sought damages in excess of $25,000 based on its slander of title claim.

Eventually, Milford moved for summary disposition under MCR 2.116(C)(8) and (C)(10). Milford argued that Equity had failed to state a claim to quiet title or for slander of title because the lien was valid. Milford explained that Equity was aware that the building was dangerous and Equity had consented to lift the bankruptcy stay to allow its demolition. According to Milford, the demolition cost constituted a lien against the property analogous to a tax lien, and not a personal construction lien, against Milford Housing. Milford asserted there was no question of fact that it was entitled to place a lien against the property for the demolition costs and, thus, the court should grant judgment in its favor.

Equity responded by filing a motion for partial summary disposition in its favor with regard to its quiet title and declaratory judgment counts under MCR 2.116(C)(7), (8), and (10). It argued that the lien was invalid because Milford recorded it without first giving Equity adequate notice or an opportunity to be heard with respect to the demolition process, depriving Equity of due process. Equity asserted that while Milford notified Milford Housing of the proceedings and complied with the statute requiring notice, Milford should have gone beyond its statutory obligations because it knew that Equity had an interest in the property. Equity also argued that the lien was barred by the doctrine of laches because Milford had unreasonably delayed in recording it.

While these cross-motions were pending, Equity's title insurance company issued a check to Milford in the amount of $28,902.08 to satisfy the lien. Milford apparently accepted the check and recorded a satisfaction of lien to release the demolition lien. Milford informed the circuit court of these facts in its reply brief in support of its motion for summary disposition. Milford argued that Equity's claims were now moot because the lien had been satisfied and released.

Shortly after Milford filed its reply brief, the circuit court sua sponte waived oral argument and granted summary disposition in Milford's favor. The circuit court found that Equity had paid $28,902.08 to satisfy the demolition lien and that Milford had received the payment and executed a release of the lien.[1] Consequently, the circuit court concluded that Equity's "claims for quiet

---

[1] Equity contends that it did *not* send a check to Milford to satisfy the demolition lien. Rather, according to Equity, "the escrow agent for the title company . . . made a grave error" and "tendered the full amount of [Milford's] lien to [Milford] without the knowledge or consent of Equity Funding." Equity asserts this payment was "unauthorized" and made in violation of an indemnity

-2-

title and slander of title are moot, and an 'actual controversy' no longer exists in this matter, which is a condition precedent to invoking declaratory relief under MCR 2.605(A)(1)[.]" Accordingly, the circuit court dismissed Equity's entire complaint under MCR 2.116(C)(10). Equity moved for reconsideration, asserting that Milford had "purposefully and clearly misrepresented" facts, most notably, that it was Equity that paid off the lien. The circuit court denied the motion.

## II. MOOTNESS

Equity asserts that the circuit court erred by granting summary disposition on mootness grounds because it was raised for the first time in a reply brief thereby denying it an opportunity to respond to the issue. We disagree.

"Issues involving mootness are questions of law that are reviewed de novo." *Adams v Parole Bd*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355588); slip op at 4. This Court also reviews de novo actions to quiet title. *Beach v Lima*, 489 Mich 99, 106; 802 NW2d 1 (2011). "Questions of law relative to declaratory judgment actions are reviewed de novo, but the trial court's decision to grant or deny declaratory relief is reviewed for an abuse of discretion." *Barrow v Detroit Election Comm*, 305 Mich App 649, 662; 836 NW2d 498 (2013) (quotation marks and citation omitted)

Equity correctly cites the general rule that reply briefs are limited to rebuttal. See *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003),citing MCR 7.212(G). This rule largely relates to presenting matters properly for appeal and the waiver of arguments raised for the first time in a reply. See *id.*; see also *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) (noting that reply briefs are limited to rebuttal and raising an issue for the first time in a reply brief does not suffice to present the matter for appeal). The Court Rules similarly limit reply briefs on pretrial motions to "rebuttal of the arguments in the nonmoving party or parties' response brief ...." See MCR 2.116(G)(1)(a)(iii). But these restrictions do not apply to mootness, which both appellate and trial courts must address as it arises. See *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010) ("Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself."); see also *Mich Chiropractic Council v Comm'r of the Office of Fin & Ins Servs*, 475 Mich 363, 370-371; 716 NW 2d 561 (2006) (holding that because mootness is jurisdictional in nature, it may be raised at any time and cannot be waived), overruled on other grounds by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 352-353, 371 n 18; 792 NW2d 686 (2010); see also *Anglers of the AuSable, Inc v Dep't of Environmental Quality*, 489 Mich 884; 796 NW2d 240 (2011) (order dismissing appeal on mootness grounds that arose during the pendency of appeal).

---

agreement and addendum between Equity and the title company. The indemnity agreement provided that $60,000 deposited in escrow by Equity could be used the title company to pay off the lien if the lien was not satisfied by December 31, 2020. The addendum extended the term of the indemnity agreement "until such time as there [was]" a final determination in this case regarding whether the lien could be enforced.

Judicial power pertains to the right of courts of proper jurisdiction to determine actual cases and controversies arising between adversaries. See *Anway v Grand Rapids R Co*, 211 Mich 592, 616; 179 NW 350 (1920), quoting *Muskrat v United States*, 219 US 346, 361, 31 S Ct 250, 55 L Ed 246 (1911). To ensure that the judiciary only exercises "judicial power," and does not usurp the power of other branches of government, Michigan courts and federal courts have developed justiciability doctrines, including mootness, to ensure that cases are appropriately before the court. See *Mich Chiropractic Council*, 475 Mich at 370. If an issue is moot, the court may not adjudicate the claim. See *Mich Chiropractic Council*, 475 Mich at 371-72. Further, the court must address mootness when it arises, whether that is in a reply brief or sua sponte. See *id.*

To the extent that Equity is arguing more generally that it was denied an opportunity to be heard on the issue, their argument is not supported by the record. "Where a court considers an issue sua sponte, due process can be satisfied by affording a party an opportunity for rehearing." *Al-Maliki v LaGrant*, 286 Mich App 483, 485-486; 781 NW2d 853 (2009) (citation omitted); see also *Boulton v Fenton Twp*, 272 Mich App 456, 463-464; 726 NW2d 733 (2006) (indicating due process was satisfied when court considered a motion for reconsideration after sua sponte entering an order granting summary disposition). Here, Equity may have been surprised by the new argument in Milford's reply brief regarding the payment that extinguished the lien, but that brief also put Equity on notice of Milford's new claim. Equity moved to file a surreply, in which it argued that its claims were not moot. After the circuit court granted summary disposition and denied the motion, Equity then filed a motion for reconsideration. In its supporting brief, Equity stated its position that it had not paid the lien; instead, it asserted that the title company mistakenly paid from escrow funds. Equity asked that the action be reinstated and fully argued on the merits. The circuit court denied the motion under MCR 2.119(F)(3). Consequently, Equity had its opportunity to argue this issue before the circuit court.

There is nothing in the record to suggest that the circuit court did not consider Equity's arguments. Separately, Equity has now had the opportunity for a fulsome appeal on the mootness issue. Because mootness is a purely legal question, which we review de novo, *Adams*, ___ Mich App at ___; slip op at 4, it cannot be said that Equity has not had a full opportunity to argue the issue.

We acknowledge that, after Milford released the lien, the better practice would have been for Milford to raise the mootness argument in a new motion for summary disposition rather than in a reply to Equity's response. See MCR 2.116(G)(1)(a)(iii). Nonetheless, once the circuit court became aware of the mootness issue, it was obligated to address it. See *Mich Chiropractic Council*, 475 Mich at 371-72. Equity has failed to establish any error related to Milford raising the mootness issue for the first time in its reply.

In addition to its procedural argument, Equity also argues that its claims were not rendered moot as a result of the payoff of the lien. Equity's arguments regarding the validity of the lien and who paid it off are irrelevant. The fact remains that following the payment, Milford released the lien. To declare the lien invalid then, by entering a declaratory judgment or quieting title in Equity, would have had no practical legal effect on the parties. *Adams*, ___ Mich App at ___; slip op at 4. The lien had already been discharged and Equity, in effect, achieved the result it sought— clearing title to the property. Therefore, with regard to the quiet title and declaratory judgment claims, there was no controversy left to resolve, and the circuit court correctly concluded they were

moot. To the extent Equity sought recovery of amounts expended in having to file suit to quiet title or for declaratory judgment, it ignores the fact that, absent an exception, Michigan follows the American rule for attorney fees and costs, under which each party pays their own attorney fees and costs. See *Skaates v Kayser*, 333 Mich App 61, 84; 959 NW2d 33 (2020) ("[A]ttorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract.") (Quotation marks and citation omitted). Equity has not identified any exception to this rule with respect to its quiet title and declaratory judgment claims and, thus, has failed to establish that the circuit court erred by concluding that its claims to quiet title and for declaratory judgment were moot.

Whether payment of the lien rendered Equity's slander of title claim moot presents a more difficult question. Equity argues that regardless of whether the lien was paid and released, it still had a valid slander of title claim for damages against Milford for the filing of the allegedly invalid lien. We conclude that the lien's release did not render the slander of title claim moot.

Slander of title is a tort claim that seeks to obtain special damages for the knowing filing of an invalid lien with the intent to cause the plaintiff injury. *Fed Nat'l Mtg Ass'n v Lagoons Forest Condo Ass'n*, 305 Mich App 258, 269-270; 852 NW2d 217 (2014).[2] An action for slander of title exists under the common law and by statute. *B & B Investment Group v Gitler*, 229 Mich App 1, 8; 581 NW2d 17 (1998); see MCL 565.108 (providing statutory slander of title claim). "To prove slander of title under the common law, a claimant must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *Fed Nat'l Mtg Ass'n*, 305 Mich App at 269-270 (quotation marks and citation omitted). The elements of a slander of title claim are the same under the statute or the common law. *B & B Investment Group*, 229 Mich App at 8. By its very nature, a claim for special damages caused by the malicious filing of a false lien, or other statements disparaging a plaintiff's right to property, is not rendered moot by the subsequent discharge of that lien. See *Huff v Jennings*, 319 SC 142; 147; 459 SE2d 886 (App, 1995) ("The fact that the lien was thereafter removed does not extinguish any claim for slander of title [the plaintiff] may have for the thirty-two months the lien was attached to the property."); see also *Bixeman v Hunter's Run Homeowners Ass'n of St John, Inc*, 36 NE3d 1074, 1079 n 5 (Ind App, 2015) (acknowledging the fact that a lien is held invalid does not render moot a claim for slander of title).[3] In other words, while the lien has been discharged, an actual controversy still exists regarding whether the defendant acted maliciously in filing an invalid lien and whether those actions caused the plaintiff to suffer damages for which relief can be granted. For this reason,

---

[2] A slander of title claim allows for special damages, which this Court has recognized includes litigation costs. See *B & B Investment Group v Gitler*, 229 Mich App 1, 9; 581 NW2d 17 (1998) ("In Michigan, special damages have been recognized to include litigation costs[.]"). Equity's brief, however, does not specifically connect its entitlement to recovery of litigation costs to its slander of title claim.

[3] This Court is not bound by caselaw from other jurisdictions, although it may find them persuasive. *Estate of Voutsaras v Bender*, 326 Mich App 667, 676; 929 NW2d 809 (2019). Of note, we were unable to locate any Michigan caselaw concluding that a slander of title claim is not rendered moot by the release of a lien absent an agreement of the parties.

Equity's slander of title claim is justiciable and the circuit court erred by dismissing the slander of title claim as moot.

Milford's arguments asserting otherwise are unpersuasive. Milford asserts that satisfaction of the lien is a recognition of the lien's validity and proof of the absence of malice. Milford cites no authority in support of this position. Moreover, we are not persuaded that a third-party title insurance company paying to resolve a lien renders the lien valid or indicates an absence of malice on the part of the lienholder. Milford also discusses *Reserve at Heritage Village Ass'n v Warren Fin Acquisition, LLC*, 305 Mich App 92, 125-126; 850 NW2d 649 (2014), in which we concluded that a slander of title claim was rendered moot by the release of an assignment. That case, however, is distinguishable because the parties in *Reserve at Heritage Village Ass'n* agreed to the release of the assignment. *Id.* Consequently, this Court concluded that the parties' agreement rendered the remedies available from a slander of title claim moot. *Id.* Here, no such agreement exists, and Milford cites no Michigan caselaw concluding that a slander of title claim is rendered moot by the release of the allegedly malicious lien absent an agreement, let alone caselaw involving the release of a lien following a payment by a third-party title insurance company. The release of the lien did not render Equity's slander of title claim moot.

### III. STATUTE OF LIMITATIONS

Notwithstanding that the circuit court erred by concluding that Equity's slander of title claim was moot, the court reached the right decision, even if for the wrong reason. Dismissal of the slander of title claim was proper because Equity filed its claim beyond the applicable period of limitations. Though neither of the parties raised this issue, we have authority to raise and address issues we believe necessary to resolve a case. See *Paschke v Retool Industries (On Rehearing)*, 198 Mich App 702, 705; 499 NW2d 453 (1993), rev'd on other grounds 445 Mich 502 (1994) ("The court is *obligated* only to review issues that are properly raised and preserved; the court is *empowered*, however, to go beyond the issues raised and address any issue that, in the court's opinion, justice requires be considered and resolved.") (Emphasis in original). We address the applicability of the statute of limitations as a result. Whether a claim is barred by a statute of limitations is reviewed de novo. *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227-228; 859 NW2d 723 (2014).

An action for slander of title has a one-year statute of limitations. See *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 471; 487 NW2d 807 (1992) ("[T]he statute of limitations applicable to actions for libel and slander applies to actions for slander of title"); MCL 600.5805 (providing that "[t]he period of limitations is 1 year for an action charging libel or slander"); see also MCL 565.107 (indicating that "[n]othing contained in this act shall be construed to extend the periods for the bringing of an action or for the doing of any other required act under any existing statutes of limitation . . . ."). Unless otherwise expressly provided, a period of limitations "runs from the time the claim accrues." MCL 600.5827. "The claim accrues at the time provided in [MCL 600.5829 through MCL 600.5838], and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Id.* None of the statutory provisions in MCL 600.5829 through MCL 600.5838 address accrual of a slander of title claim. The accrual for such a claim, therefore, occurs "at the time the wrong upon which the claim is based was done." MCL 600.5827; see also *Grist v Upjohn Co*, 1 Mich App 72, 81; 134 NW2d 358 (1965) (indicating that for a libel or slander claim, the

claim accrues at the time of publication, regardless of whether the defamed or slandered person is aware of the publication).

The wrong upon which Equity's slander of title claim is based is Milford's filing of the lien against the Peters Road property. Milford filed the lien on September 28, 2018. Thus, Equity's slander of title claim accrued on September 28, 2018. Because a slander of title claim has a one-year statute of limitations, Equity had until September 28, 2019, to file its slander of title claim. Equity did not file its slander of title claim until July 22, 2020, nearly two years after Milford filed its lien. And although Equity claims it did not learn of the lien until it obtained a title commitment for purposes of selling the property to a third party, knowledge of the filing of the lien was not necessary for the running of the limitations period. *Grist*, 1 Mich App at 81. Because Milford filed the subject lien on September 28, 2018, and Equity did not file the complaint within one year of that date, Equity's claim was untimely and dismissal would have also been appropriate on this ground.[4]

## IV. CONCLUSION

The circuit court properly determined that Equity's claims to quiet title and for a declaratory judgment were moot, given that the lien had been released. The circuit court likewise dismissed the slander of title claim on mootness grounds, but this was error because the release did not extinguish the relief that could be obtained for special damages allegedly caused by a maliciously-filed lien. Dismissal was justified on other grounds, however, because Equity did not raise its slander of title claim within the period of limitations.[5]

We affirm.

/s/ Noah P. Hood
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro

---

[4] Because we resolve Equity's slander of title claim based on the period of limitations, we need not address the sufficiency of the pleadings.

[5] Equity also argues that the lien was invalid based on due-process violations and unenforceable under the doctrine of laches. We need not address these claims because dismissal was proper as explained earlier.