# STATE OF MICHIGAN

# COURT OF APPEALS

---

ATTENDANT CARE COMPANIES,
ATTENDANT CARE SERVICES OF
MICHIGAN, PROGRESSIONS, LLC,
PROGRESSIONS OF SIL, and CARING HANDS
HOME CARE SERVICES, LLC,

        Plaintiffs-Appellees,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellant.

UNPUBLISHED
November 29, 2018

No. 340205
Macomb Circuit Court
LC No. 2016-002115-NF

---

Before: JANSEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

In this suit under the no-fault act, MCL 500.3101 *et seq.*, seeking the recovery of personal protection insurance benefits for medical care provided to the injured insured, defendant appeals by leave granted[1] the trial court's order denying defendant's motion for summary disposition without prejudice. For the reasons set forth in this opinion, we reverse and remand this matter for entry of an order granting summary disposition in favor of defendant.

## I. BACKGROUND

On April 3, 2015, Milad Ishaq was involved in an automobile accident and suffered injuries that included a severe traumatic brain injury (TBI), resulting in a subsequent determination that he needed 24 hour, one-to-one care. Ishaq was a named insured on a policy of insurance issued by defendant.

---

[1] *Attendant Care Cos v Farm Bureau Gen Ins Co*, unpublished order of the Court of Appeals, entered December 14, 2017 (Docket No. 340205).

-1-

Ishaq was admitted to the Estates of Rochester, a group home facility operated by plaintiff,[2] on approximately June 18 or 19, 2015. On approximately July 6 or 7, 2015, Ishaq was moved to plaintiff's Semi-Independent Living Program, where he continued to receive "twenty-four hour direct, one-on-one supervision both at home in his apartment and out in the community." Ishaq was discharged from the Semi-Independent Living Program on November 27, 2015, and he was placed in another facility that apparently is not owned by plaintiff.

Defendant denied requests for payment submitted by plaintiff. It is unclear from the documentary evidence submitted by the parties in the trial court exactly which bills were denied or which charges plaintiff was specifically claiming were wrongfully denied, but the one denial letter submitted by plaintiff referred to invoices "regarding Mr. Ishaq's apartment." It appears that defendant paid some of the charges billed by plaintiff, although the nature of the services paid for is also unclear from the record. Regardless of this lack of clarity about the nature and amount of the disputed charges, it appears from the record evidence that plaintiff provided services to Ishaq from approximately June 18, 2015 to November 27, 2015. The parties do not dispute that this was the period of time during which charges at issue were incurred.

On June 15, 2016, plaintiff initiated this action, filing a complaint against defendant that sought payment of no-fault benefits that plaintiff alleged were owed by defendant based on goods and services that plaintiff provided to Ishaq related to his medical care, attendant care, and medical transportation expenses.

On May 25, 2017, as the instant litigation was progressing, our Supreme Court issued its opinion in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). In *Covenant*, our Supreme Court held that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Id*. at 196. Accordingly, healthcare providers do not have independent standing to sue no-fault insurers directly to recover these benefits. *Id*. at 195-196. However, the Court clarified that its conclusion was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40.

On May 30, 2017, plaintiff obtained an executed assignment of Ishaq's rights "to payment for health care services, products or accommodations" provided by plaintiff to which Ishaq was entitled under the no-fault act from any insurer. The assignment further provided that the agreement was "not an assignment of a right to benefits payable in the future, but an assignment of a right to benefits payable as loss accrues and with respect to services already provided; in other words, this assignment affects only those services provided prior to its execution." The assignment was signed by Ishaq's guardian. Plaintiff also apparently obtained another assignment of Ishaq's rights that was dated July 19, 2017.

_____

[2] The precise nature of the relationships between the plaintiff entities in this action is not clear from the record. However, it appears from our examination of the record that all of the plaintiff entities are essentially permutations of Attendant Care Services of Michigan in one form or another. Thus, for purposes of this opinion, we will refer to these entities collectively as "plaintiff."

Defendant moved for summary disposition under MCR 2.116(C)(5), (8), and (10), arguing as relevant to the issues now on appeal, that plaintiff lacked standing under *Covenant* to sue defendant directly and that plaintiff should not be allowed to amend its pleadings to rely on an assignment of rights from Ishaq because doing so would be futile. More specifically with respect to the futility of an amendment, defendant argued that the one-year-back rule in MCL 500.3145(1) would bar the recovery of benefits for care provided from June 18, 2015 to November 27, 2015, if the lawsuit were maintained on basis of the May 30, 2017 assignment of rights because an assignee cannot obtain greater rights than those held by the assignor on the date of the assignment.

Plaintiff argued in response that the instant lawsuit was not barred by the holding in *Covenant* because *Covenant* specifically preserved the ability of medical providers to pursue recovery from an insurer based on an insured's assignment of rights to the medical provider, and plaintiff obtained a valid assignment of rights from Ishaq that allowed its lawsuit against defendant to proceed. Plaintiff further argued that this assignment of Ishaq's claim for payment from defendant was not prohibited by the anti-assignment clause and that amendment of the complaint should be permitted to reflect plaintiff's assignment-based theory of standing. Additionally, plaintiff argued that *Covenant* should only be applied prospectively.

The trial court denied defendant's motion for summary disposition and granted plaintiff's motion to amend its complaint.

This Court granted defendant's application for leave to appeal, "limited to the following issues: (1) whether plaintiffs' claims are barred by *Covenant Med Ctr Inc v State Farm Mut Auto Ins Co*, [500] Mich [191]; 895 NW2d 490 (2017); and (2) whether plaintiffs' proposed amendment based on the assignment of the insured person's claims is futile due to the operation of MCL 500.3145(1)." *Attendant Care Cos v Farm Bureau Gen Ins Co*, unpublished order of the Court of Appeals, entered December 14, 2017 (Docket No. 340205).

## II. STANDARD OF REVIEW

This Court reviews a trial court's summary disposition ruling de novo to determine, based on the entire record, whether the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). This court also reviews de novo, as a question of law, whether a party has standing to bring an action. *Franklin Historic Dist Study Comm v Village of Franklin*, 241 Mich App 184, 187; 614 NW2d 703 (2000). Questions involving the interpretation of statutes and court rules are also reviewed de novo. *Sanders v McLaren-Macomb*, 323 Mich App 254, 265; 916 NW2d 305 (2018). Additionally, "[t]his Court will not reverse a trial court's decision regarding leave to amend unless it constituted an abuse of discretion that resulted in injustice." *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 142; 715 NW2d 398 (2006). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *In re Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008).

Before addressing defendant's substantive arguments on appeal, it is necessary to address plaintiff's argument that defendant waived its ability to challenge plaintiff's standing. This

-3-

requires us to determine the proper subrule under which to analyze the trial court's summary disposition ruling.

Plaintiff argues that defendant's challenge to plaintiff's standing should be treated solely as a motion under MCR 2.116(C)(5), which provides that summary disposition is proper against a party asserting a claim if that party "lacks the legal capacity to sue." Plaintiff further argues that defendant failed to comply with MCR 2.116(D)(2), which provides in pertinent part that the "grounds listed in subrule (C)(5) . . . must be raised in a party's responsive pleading[] unless the grounds are stated in a motion filed under this rule prior to the party's first responsive pleading." Thus, plaintiff contends that defendant waived its ability to challenge plaintiff's standing pursuant to MCR 2.111(F)(2), which provides in pertinent part that "[a] defense not asserted in the responsive pleading or by motion as provided by these rules is waived."

Challenges to a party's standing have been treated as motions under MCR 2.116(C)(5) by both our Supreme Court and this Court. See, e.g, *Miller v Chapman Contracting*, 477 Mich 102, 104; 730 NW2d 462 (2007) (affirming the trial court's decision "granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(5) based on lack of standing"); *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 493-497; 815 NW2d 132 (2012); *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 528; 695 NW2d 508 (2004). The question of standing has also been addressed in the context of motions under MCR 2.116(C)(8), see, e.g., *MOSES, Inc v SEMCOG*, 270 Mich App 401, 411; 716 NW2d 278 (2006), and MCR 2.116(C)(10), see, e.g., *Civic Ass'n of Hammond Lake Estates v Hammond Lake Estates No 3 Lots 126-135*, 271 Mich App 130, 132, 134-136; 721 NW2d 801 (2006).

Nonetheless, this Court has also stated that "standing to sue and capacity to sue are two distinct concepts" that should not be improperly conflated. *Flint Cold Storage v Dep't of Treasury*, 285 Mich App 483, 502; 776 NW2d 387 (2009), citing *Mich Chiropractic Council v Comm'r of Fin & Ins. Servs Office*, 475 Mich 363, 374 n 25; 716 NW2d 561 (2006) (opinion by YOUNG, J.), overruled on other grounds by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 352, 371 & n 18; 792 NW2d 686 (2010). In *Mich Chiropractic Council*, Justice YOUNG wrote that "some recent Court of Appeals cases have erroneously equated standing with capacity to sue for the purposes of dispositive motions under MCR 2.116(C)(5)" but that "the two concepts are unrelated," and "[o]ur courts are admonished to avoid conflating the two." *Mich Chiropractic Council*, 475 Mich at 374 n 25 (opinion by YOUNG, J.). Similarly, in *Leite v Dow Chem Co*, 439 Mich 920, 920; 478 NW2d 892 (1992), our Supreme Court explained that "the real-party-in-interest is not the same as the legal-capacity-to-sue defense" and held that a defense based on the assertion that the plaintiffs "are not and never were persons who possessed a cause of action against [the defendants]" is "within MCR 2.116(C)(8) or MCR 2.116(C)(10), depending on the pleadings or other circumstances of the particular case." The real-party-in-interest doctrine is a standing doctrine. *Stillman v Goldfarb*, 172 Mich App 231, 237; 431 NW2d 247 (1988).

The difference between the concepts of legal capacity to sue and standing is illustrated by considering the meanings of these terms of art. "Lack of 'capacity to sue' refers to some legal disability, such as infancy or mental incompetency, which deprives a party of the right to come into court." *Moorhouse v Ambassador Ins Co, Inc*, 147 Mich App 412, 419 n 1; 383 NW2d 219 (1985); see also *Black's Law Dictionary* (10th ed) (defining "capacity" in relevant part as "the

-4-

satisfaction of a legal qualification, such as legal age or soundness of mind, that determines one's ability to sue or be sued, to enter into a binding contract, and the like"). " 'Capacity to sue' does not speak to whether the party has a cause of action or not." *Moorhouse*, 147 Mich App at 419 n 1. In contrast, "[t]he purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy." *Lansing Sch Ed Ass'n*, 487 Mich at 355 (quotation marks and citation omitted). "[T]he standing inquiry focuses on whether a litigant is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable." *Id*. (quotation marks and citation omitted). In other words, the lack of capacity to sue refers to a party's inherent inability to initiate *any* lawsuit, while standing refers to whether a party who possesses the legal capacity to sue has the requisite interest in the lawsuit to be allowed to maintain it. Accordingly, the issue of standing is properly considered under MCR 2.116(C)(8) or MCR 2.116(C)(10) rather than MCR 2.116(C)(5). *Leite*, 439 Mich at 920; *Stillman*, 172 Mich App at 237; *Moorhouse*, 147 Mich App at 419 n 1.

Furthermore, although MCR 2.116(D)(2) requires challenges under MCR 2.116(C)(5) to be raised in a responsive pleading or prior motion,[3] MCR 2.116(D)(4) does not place such a restriction on when motions under MCR 2.116(C)(8) and MCR 2.116(C)(10) may be made.[4] This is in accord with the general principle that the question of standing may be raised by a party or the court at any stage of the proceeding, including for the first time on appeal. See 59 Am Jur 2d, Parties, § 28, p 466.

In this case, because it is necessary to consider the evidence submitted by the parties that is outside the pleadings, MCR 2.116(C)(8) is inapplicable, and defendant's summary disposition motion should be treated as one brought under MCR 2.116(C)(10). *Maiden*, 461 Mich at 119-120. Defendant therefore did not waive its ability to bring a motion under MCR 2.116(C)(10) challenging plaintiff's standing once our Supreme Court issued its opinion in *Covenant*, even though plaintiff did not raise the question of standing in its responsive pleading or a prior motion. MCR 2.116(D)(4).[5]

---

[3] Notably, this requirement is not absolute, since this provision specifically allows for the possibility of amending responsive pleadings. See MCR 2.116(D)(2) (stating in pertinent part that "[a]mendment of a responsive pleading is governed by MCR 2.118"); see also *Leite*, 439 Mich at 920 (stating that "MCR 2.116(D)(2) does not foreclose a party from adding a defense in an amended responsive pleading").

[4] MCR 2.116(D)(4) provides:

> The grounds listed in subrule (C)(8), (9), and (10) may be raised at any time, unless a period in which to file dispositive motions is established under a scheduling order entered pursuant to MCR 2.401. It is within the trial court's discretion to allow a motion filed under this subsection to be considered if the motion is filed after such period.

[5] Additionally, plaintiff's alternative argument that defendant could not challenge plaintiff's standing because defendant did not update its discovery responses regarding its reasons for

III. ANALYSIS

We next turn the application of the *Covenant* opinion in this case. As previously noted, our Supreme Court held in *Covenant* that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act," explicitly rejecting the notion that healthcare providers have independent standing to sue no-fault insurers directly to recover these benefits. *Covenant*, 500 Mich at 195-196, 218. The Court further explained, however, that its conclusion was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id.* at 217 n 40.

"[T]he general rule is that judicial decisions are to be given complete retroactive effect." *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 176; 909 NW2d 38 (2017) (quotation marks and citation omitted; alteration in original). In *Foote*, this Court held that *Covenant* applies retroactively, meaning that it "applies to all cases still open on direct review." *Id.* at 176, 196.[6]

The instant case was still proceeding in the trial court when the *Covenant* opinion was issued, and it is now before this Court on direct review. Therefore, *Covenant* applies to the instant case. *Id.* Under *Covenant*, plaintiff in this case lacks independent standing and may not maintain a direct action against defendant to recover personal protection insurance benefits allegedly owed by defendant for products and services plaintiff provided to Ishaq related to his medical care. *Covenant*, 500 Mich at 195-196, 218.

The next issue to address is whether the trial court erred by allowing plaintiff to amend its complaint so as to be able to proceed with this action based on an assignment of Ishaq's rights, concluding in the process that the amendment was not futile in light of the one-year-back rule in MCL 500.3145(1).

---

denying payment on the charges at issue is without merit. There is nothing inconsistent about challenging plaintiff's standing to maintain a lawsuit and indicating during discovery that plaintiff's billed charges were denied in the first instance on the basis that they constituted charges for ordinary products, services, and accommodations. Defendant is not claiming that it denied payment because plaintiff lacked standing to maintain a lawsuit. Plaintiff's argument is factually illogical.

[6] On May 25, 2018, our Supreme Court ordered that oral argument be scheduled on whether to grant leave to appeal in *Foote*. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 501 Mich 1079, 1079 (2018). However, this does not negate the binding nature of this Court's opinion in *Foote*. See MCR 7.215(C)(2) ("A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis. The filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals.").

Under MCL 500.3145(1), "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." This provision is "the limitation on damages known as the one-year-back rule" and is "designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203, 208; 815 NW2d 412 (2012).

MCR 2.118(A)(2) provides that a party may amend a pleading by leave of the court and that "[l]eave shall be freely given when justice so requires." Further, under MCR 2.116(I)(5), if a summary disposition motion is "based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." "[A] motion to amend should ordinarily be denied only for particularized reasons, including undue delay, bad faith or a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility." *PT Today*, 270 Mich App at 143. "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Yudashkin v Linzmeyer*, 247 Mich App 642, 651; 637 NW2d 257 (2001) (quotation marks and citation omitted). "An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading." MCR 2.118(D). However, if the pleading is a supplemental pleading rather than an amended pleading, then it does not relate back to the original pleading because "there is no provision for relating back as to supplemental pleadings." *Grist v Upjohn Co*, 1 Mich App 72, 84; 134 NW2d 358 (1965). Under MCR 2.118(E), a supplemental pleading is one that "state[s] transactions or events that have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief or a defense."

This Court, in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 340370); slip op at 10-12, addressed the question of how the one-year-back rule operates with respect to proposed amendments to the complaint to account for an assignment of rights theory under the same factual circumstances at issue in this case, where the plaintiff healthcare providers initially filed a pre-*Covenant* direct action against an insurer to recover personal protection insurance benefits but lost standing to maintain the action during the pendency of the proceedings when the *Covenant* opinion was issued. In *Shah*, this Court held that under these circumstances, the plaintiffs did not obtain by way of the assignments "the right to pursue no-fault benefits for any portion of the loss incurred more than one year before [the date the assignments were obtained] because that is the pertinent point of reference for purposes of the one-year-back rule." *Id*. at ___; slip op at 12.

The *Shah* Court reasoned that if the insured had filed an action against the insurer on the same date that the assignments were executed, the one-year-back rule would have prohibited the insured from recovering benefits for any portion of the loss incurred more than one year before that date and plaintiffs therefore could not obtain by assignment from the insured any right to recover benefits for losses incurred more than one year before that date either because an "assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses." *Id*. at ___; slip op at 11 (quotation marks and citation omitted). The *Shah*

-7-

Court further reasoned that the plaintiffs' motion for leave to amend was actually an attempt to seek leave to file a supplemental pleading because "the procurement of the assignments was an event that occurred after the filing of the original complaint and provided the only means by which plaintiffs could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits" after *Covenant* was issued. *Id.* As a proposed supplemental pleading, "it could not relate back to the date of the original pleading." *Id.* Accordingly, this Court concluded that "[t]hrough the assignment, plaintiffs only obtained the rights [the insured] actually held at the time of the execution of the assignment, and plaintiffs cannot rely on the relation-back doctrine to essentially gain the potential for a greater right to recovery than they actually received." *Id.* at ___; slip op at 11-12 (citation omitted).

In this case, there is no dispute that plaintiff's claim that it is entitled to personal protection benefits stems from products and services it provided to Ishaq between approximately June 18, 2015 and November 27, 2015. The earlier of the two assignments of Ishaq's rights was obtained by plaintiff on May 30, 2017. On that date, had Ishaq initiated an action against defendant, he would have been unable to recover benefits for any portion of the loss incurred more than one year before May 30, 2017, and plaintiff, as assignee, thus cannot rely on the assignment to recover the benefits it seeks in this action from defendant because the losses at issue were incurred well more than one year before May 30, 2017. MCL 500.3145(1); *Shah*, ___ Mich App at ___; slip op at 11-12. As in *Shaw*, the proposed amendment at issue in this case actually constitutes a proposed supplemental pleading that cannot relate back to the date of the original pleading. *Shah*, ___ Mich App at ___; slip op at 11-12. Because Ishaq did not have any right to recover the benefits at issue from defendant on the date the assignment was executed, plaintiff did not obtain via the assignment any right to recover these benefits from defendant. *Id.*

Nonetheless, plaintiff argues that the one-year-back limitation period was tolled pursuant to MCL 600.5856 while the litigation proceeded below and before obtaining an assignment from Ishaq.

Section 5856 of the Revised Judicature Act (RJA), MCL 600.101 *et seq.*, provides as follows:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
>
> (b) At the time jurisdiction over the defendant is otherwise acquired.
>
> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

In *Joseph*, 491 Mich at 202-203, our Supreme Court addressed the question whether another tolling provision in the RJA, the "minority/insanity tolling provision of MCL 600.5851(1)," applied "to toll the one-year-back rule in MCL 500.3145(1) of the no-fault act." Our Supreme Court held "that the minority/insanity tolling provision, which addresses only when an action may be *brought*, does not preclude the application of the one-year-back rule, which separately limits the *amount* of benefits that can be recovered." *Id*. at 203. The Court in *Joseph* explained as follows:

> Although the minority/insanity tolling provision may certainly toll myriad statutory provisions that contain a statute of limitations, it cannot toll the one-year-back rule of MCL 500.3145(1) because the one-year-back rule is not a statute of limitations in that it does not limit the period of time within which a claimant may file an action; rather, the one-year-back rule places a limitation on the amount of damages a claimant is entitled to recover. Furthermore, the one-year-back rule does not serve those purposes typically associated with a statute of limitations because it does not operate to cut off a claim or bar the action or the recovery; it simply limits the compensation available to the claimant. Because the no-fault act's one-year-back rule and the RJA's minority/insanity tolling provision serve manifestly different purposes and function independently of each other, the one-year-back rule is not the subject of tolling under the minority/insanity tolling provision. [*Id*. at 216-217.]

The same reasoning applies in the instant case. The one-year-back rule is not a statute of limitations. *Id*. It also is not a statute of repose, which also serves the purpose of prohibiting a claim entirely at a certain point in time. See *Ostroth v Warren Regency, GP, LLC*, 474 Mich 36, 42 n 7; 709 NW2d 589 (2006) ("A statute of repose limits the liability of a party by setting a fixed time after . . . which the party will not be held liable for . . . injury or damage . . . . Unlike a statute of limitations, a statute of repose may bar a claim before an injury or damage occurs.") (Quotation marks and citation omitted; ellipses in original); *Nortley v Hurst*, 321 Mich App 566, 572; 908 NW2d 919 (2017) ("Unlike a statute of limitations, a statute of repose bars a claim after a fixed period of time from the defendant's act or omission and may prevent accrual of a claim even if the injury happens after the statutory period has expired."). MCL 600.5856 only tolls "statutes of limitations or repose." Accordingly, the one-year-back rule in MCL 500.3145(1), as a damage-limiting provision, is not tolled by the tolling provision in MCL 600.5856. *Joseph*, 491 Mich at 203.

Because plaintiff did not obtain any right to recover the benefits at issue through the assignment of Ishaq's rights, plaintiff's proposed amendment to account for the assignment was futile, in addition to actually being an attempt to file a supplemental pleading that would not relate back to the original complaint. *Yudashkin*, 247 Mich App at 651; *Shah*, ___ Mich App at ___; slip op at 11-12. As such, the trial court abused its discretion by permitting the amendment. Because plaintiff lacked standing to bring this action, defendant was entitled to summary disposition in its favor and the trial court erred by denying defendant's motion. We therefore reverse the trial court's order and remand this matter. On remand, the trial court is to enter an order granting summary disposition for defendant.

Finally, the parties' additional arguments are beyond the scope of this Court's order granting leave to appeal, which was limited to the issues (1) whether *Covenant* barred plaintiff's claims and (2) whether plaintiff's proposed amendment based on an assignment of the insured's rights was futile due to the one-year-back rule of MCL 500.3145(1). This Court need not address an issue that is beyond the scope of the order granting leave to appeal. See MCR 7.205(E)(4); *Maxwell v Dep't of Environmental Quality*, 264 Mich App 567, 576; 692 NW2d 68, 75 (2004).

Reversed and remanded for entry of an order granting summary disposition for defendant. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello